UNITED STATES DISTRICT COURT OF SOUTHERN FLORIDA
PALM BEACH COUNTY DIVISION

PRISCILLA Y DAVIS
    Plaintiff.

Case No. 13-80377-CIV

-v-



CONSUMERINFO
    Defendant.

## VERIFIED FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, PRISCILLA Y DAVIS, hereby sues Defendant CONSUMERINFO, PRISCILLA Y DAVIS alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which do exceed $15,000.00.

5. Plaintiff, PRISCILLA Y DAVIS, is a natural person and is a resident of the State of Florida.

6. Defendant, CONSUMERINFO, is a Foreign Corporation, authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PARTIES

The Plaintiff in this lawsuit is Priscilla Y. Davis, ( herein after Plaintiff) who at all times relevant herein was a resident in Palm Beach County.

The Defendant Consumer Info ("CIC or " Defendant") an unknown entity with offices at 475 Anton Blvd, Costa Mesa, CA  92626.

## FACTUAL ALLEGATIONS

8. On or about December 2011 received her credit report via Experian, the national credit reporting agency ("EXPERIAN" OR "CRA") and found an entry by an entity that was unfamiliar within the credit report.

9. On or about Jan 4, 2011; Jan 17, 2011; Feb 2, 2011; Feb 4, 2011; Feb 18, 2011; Feb 22, 2011; Mar 4, 2011; Mar 12, 2011; Mar 18, 2011; Mar 30, 2011; Apr 4, 2011; Apr 18, 2011;  May 6, 2011; May 20, 2011; Jun 2, 2011; Jun 16, 2011; Jun 30,2011; Jul 18, 2011; Mar 25, 2010; Apr 6, 2010; Apr 9, 2010; Apr 14, 2010; Apr 20, 2010; May 4, 2010; May 18, 2010; Jun 6, 2010; Jun 18, 2010; Jul 6, 2010; Jul 15, 2010; Jul 19, 2010; Aug 5, 2010; Aug 20, 2010; Sep 2, 2010; Sep 16, 2010; Sep 17, 2010; Oct 1, 2010; Oct 18, 2010; Nov 4, 2010; Nov 17, 2010; Dec 2, 2010; Dec 15, 2010 totaling 41 times CONSUMER INFO obtained Plaintiff consumer credit report from Experian without permissible purpose violating FCRA U.S.C § 1681b.

10. On or about Jan 8, 2011; Apr 22, 2011; Jun 11, 2011; Mar 27, 2010; Apr 2, 2010; May 15, 2010; Jun 12, 2010; Jun 26, 2010; Jul 17, 2010; Jul 31, 2010; Aug 29, 2010; Sep 11, 2010; Oct 15, 2010 totaling 13 times CONSUMER INFO obtained Plaintiff consumer credit report from Transunion without permissible purpose violating FCRA U.S.C § 1681b.

11. On or about March 7, 2013 the Plaintiff sent a Qualified Written Request to CONSUMER INFO requesting verification of a debt and impressible pulls that was in Plaintiff credit file with Experian and Transunion pursuant to FCRA 15 USC.§ 1681b and FDCPA 15 USC.§ 1692. The Defendant failed to respond properly nor as of date.

12. Discovery of the violation brought forth herein are within the statute of limitations as defined in the FCRA 15 U.S.C §1681p.

13. Plaintiff has no contractual obligation to pay Defendant.

14. Defendant CONSUMERINFO failed to allege any type of agreement or any evidence that Plaintiff ever had an account with CONSUMER INFO nor as of date.

15. At all times relevant, CIC never disputed the fact that they did not receive any dispute from Plaintiff.

16. If there was a contractual agreement the contract failed to comply with the provisions set out in 16 C.F.R 433.2

17. No stated purpose or reason for CIC accessing Plaintiff consumer report was identified anywhere in reports.

18. CIC has never provided any signed verification or certified copies of any alleged reason or permissible purpose or copies of any signed contract or agreement that would give the any permissible purpose. CIC failed to investigate any of Plaintiff's disputes upon receipt, in violation of FCRA U.S.C §1681b.

19. Plaintiff is not in possession of nor believes CIC has a contract or agreement that would allow them to buy, purchase or service any alleged obligation between CIC and Plaintiff.

20. Upon information and belief Plaintiff never signed any contract or agreement of any transaction that would assign or transfer ownership to CIC or any third party.

21. Upon information and belief CIC was never a servicer of a transaction belonging to Plaintiff that may have stem from a contractual agreement between CIC or any other entity, that Plaintiff may have had an obligation.

22. Plaintiff attempted to resolve this dispute amicably through Qualified Written Request. See exhibit A

23. On or about March 7, 2013 sent by certified mail/return receipt #7012 1640 0001 3935 3742. See exhibit B.

18. Upon information and belief CIC is not a debt collector or furnisher of information, yet CIC obtained Plaintiff consumer report without a permissible purpose.

16. Defendant is in violation of Florida Statutes § 559.72 (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with

knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

15. If defendant extended any credit to Plaintiff the credit application fail to give proper notice of consumer defenses and protection violating 16 CFR 433.2 TILA claim 15 U.S.C 1635 and 12 C.F.R 226.23

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT CONSUMERINFO

17. Paragraphs 1 through 16 are realleged as though fully set forth herein

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

19. CONSUMERINFO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

20. CONSUMERINFO willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

   (a) CONSUMERINFO willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

21. Plaintiff does not have any business agreement with Defendant.

WHEREFORE, Plaintiff demands judgment for damages against CONSUMERINFO for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.


## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT CONSUMERINFO

22. Paragraphs 1 through 21 are realleged as though fully set forth herein.

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

24. CONSUMERINFO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

25. CONSUMERINFO negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

   (a) CONSUMERINFO negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against CONSUMERINFO for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a)(3) and 15 U.S.C. §1681o (a)

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CONSUMERINFO

26. Plaintiff alleges and incorporates the information in paragraphs 1 through 25.

27. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

28. Defendant CONSUMERINFO is a furnisher collector within the meaning of the FDCPA, 15 U.S.C. §1692s-2.

29. The Defendant violated the FDCPA reporting inaccurate information to two of the major Credit Reporting Agency, Experian, and Transunion Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated 15 U.S.C. §1692e by using any other, false deceptive, or misleading representation or means in connection with the debt collection.

**WHEREFORE,** Plaintiff demands judgment for damages against CONSUMERINFO for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT CONSUMERINFO

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 29.

31. Plaintiff is a consumer within the meaning of §559.55(2).

32. CONSUMERINFO is a furnisher, collectors, and communication of information within the meaning of §559.55(5).

33. The Defendant violated §559.72(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

34. The Defendant violated §559.72(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.

**WHEREFORE,** Plaintiff demands judgment for damages against CONSUMER INFO for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT V
### VIOLATION OF TRUTH IN LENDING ACT (TILA) 15 U.S.C. § BY DEFENDANT CONSUMERINFO

35. Plaintiff alleges and incorporates the information in paragraphs 1 through 34.

36. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

37. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

   (1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

38. Defendant extended credit to Plaintiff and the credit application fail to give proper notice violating of preservation of consumer claims and defenses16 CFR 433.2 and TILA claim 15 U.S.C 1635

**WHEREFORE**, Plaintiffs prays for relief and judgment as follows adjudging the Defendant has violated the FCRA 15 U.S.C §1681 et seq each separately and distinctly by:

a) Obtaining the Plaintiff Experian and Transunion consumer credit report 54 times without permissible purpose, as described in FCRA§ 604, at 15 U.S.C §1681b (a)-(g).

b) Repeatedly obtain Plaintiff's consumer report after being disputed in a timely manner.

c) CIC failure to comply with the FCRA and falsely certified with the Credit Reporting Agencies, and egregiously obtained and used the Plaintiff's credit profile willfully 54 times as their conduct was in bad faith and not a bona fide error. In violation of FCRA § 604, at 15 U.S.C § 1681b and § 1681n.

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1681n, in the amount of 1,000 on each and every date CIC obtained her consumer report totaling 54 times.

e) Awarding any attorney fees and cost as incurred in this action.

f) Awarding Plaintiff actual damages, punitive damages an injunction, and any further relief the court deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

The statements made are true and accurate to the best of my knowledge and are not meant to be misleading.

## VERIFIED CERTIFICATION

I Priscilla Davis have read the forgoing statement and everything within above are true, and correct to the best of my acknowledge under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument.

## CERTIFICATE OF SERVICE

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the method indicated for each party.

Respectfully submitted,

*/s/ Priscilla Y. Davis*

PRISCILLA Y DAVIS
480 W 35TH ST.
RIVIERA BEACH, FL. 33404


Cc:

EXHIBIT A

US POSTAL NO. 7011 2000 0001 3506 0650

PRISCILLA DAVIS
390 WEST 21ST STREET
RIVIERA BEACH, FL 33404

March 7, 2013

## NOTICE TO PRINCIPAL NOTICE TO AGENT
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL

RE: impermissible pull

To whom it may concern,

This is a Qualified Written Request being sent prior to filing suit which is an opportunity to cure CONSUMER INFO violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b, Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692c(a)(1) and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part VI). On Jan 4, 2011; Jan 17, 2011; Feb 2, 2011; Feb 4, 2011; Feb 18, 2011; Feb 22, 2011; Mar 4, 2011; Mar 12, 2011; Mar 18, 2011; Mar 30, 2011; Apr 4, 2011; Apr 18, 2011; May 6, 2011; May 20, 2011; Jun 2, 2011; Jun 16, 2011; Jun 30,2011; Jul 18, 2011; Mar 25, 2010; Apr 6, 2010; Apr 9, 2010; Apr 14, 2010; Apr 20, 2010; May 4, 2010; May 18, 2010; Jun 6, 2010; Jun 18, 2010; Jul 6, 2010; Jul 15, 2010; Jul 19, 2010; Aug 5, 2010; Aug 20, 2010; Sep 2, 2010; Sep 16, 2010; Sep 17, 2010; Oct 1, 2010; Oct 18, 2010; Nov 4, 2010; Nov 17, 2010; Dec 2, 2010; Dec 15, 2010 CONSUMER INFO initiated these soft pulls of my credit report from Experian without permissible purpose, and on Jan 8, 2011; Apr 22, 2011; Jun 11, 2011; Mar 27, 2010; Apr 2, 2010; May 15, 2010; Jun 12, 2010; Jun 26, 2010; Jul 17, 2010; Jul 31, 2010; Aug 29, 2010; Sep 11, 2010; Oct 15, 2010 initiated these soft pulls from TransUnion thereby violating my consumer and human rights.

I am willing to settle these matters amicably without having to file suit and I am giving you 20 days from receipt of this letter to take the opportunity to do so. If CONSUMER INFO chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law.

I can be reached directly at 754.779.1788(cell) or via email at timms5@comcast.net This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Again you have 20 days upon the receipt of this letter of Intent, to comply with this demand and provide me with proof of your actions (i.e., a letter confirming your response, and a check for the required amount $55,000.00 for fifty-five impermissible pulls). I MAY BE REACHED MON-FRI 12p – 6p.

Please inform me of your intentions immediately. If I do not hear from you, I assure you that I will follow through with the actions listed above. Your refusal to respond will be taken as a tacit admission that you are in violation of the law and wish these issues to be adjudicated in Federal Court. I will entertain your settlement agreement.

US POSTAL NO. 7011 2000 0001 3506 0650

Barring lack of response from you in this matter we will proceed to the Courts to resolve it. Don't make the mistake of ignoring this. The ball is in your court.

Sincerely, *(signature)*

Priscilla Davis
754.779.1788(cell)

EXHIBIT B

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

COSTA MESA CA 92626

| | | |
|---|---|---|
| Postage | $ | $0.46 | 0102 |
| Certified Fee | | $3.10 | 12 |
| Return Receipt Fee (Endorsement Required) | | $2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | 03/19/2013 |
| Total Postage & Fees | $ | $6.11 | |

Sent To: CONSUMERINFO
Street, Apt. No.; or PO Box No.: 475 ANTON BLVD
City, State, ZIP+4: COSTA MESA, CA 92626

PS Form 3800, August 2006         See Reverse for Instructions

7012 1640 0001 3935 3742

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONSUMERINFO
475 ANTON BLVD
COSTA MESA, CA
92626

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name): EWIN
C. Date of Delivery: 3-25

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7012 1640 0001 3935 3742

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540